Filed 6/25/24  P. v. Perez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086455 |
| Plaintiff and Respondent, | (Super. Ct. No. BF186009A) |
| v. | |
| LUIS MARTIN NUNEZ PEREZ, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County. Michael G. Bush, Judge.

Kristine Koo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Detjen, Acting P. J., Franson, J. and Meehan, J.

Appellate counsel for defendant Luis Martin Nunez Perez has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated March 21, 2024, we also invited defendant to submit additional briefing. Defendant has not filed a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

On June 25, 2021, a felony complaint was filed charging defendant with improperly contacting and communicating with a minor (Pen. Code,[1] § 288.3, a felony; count 1), and arranging to meet with a minor for an improper purpose (§ 288.4, subd. (b), a felony; count 2). Following a preliminary hearing, an information was filed alleging the same two counts against defendant on December 9, 2021. On July 5, 2022, defendant filed a motion pursuant to section 995, requesting the allegations contained in count 1 be set aside. After the People did not object to this request, the motion was granted on July 19, 2022.

Before trial, defendant submitted a motion to dismiss the remaining count due to the failure to preserve evidence in violation of his right to due process. Before any prospective jurors were brought into court, the trial court heard evidence and arguments on this motion. Ultimately, the court denied the motion stating:

---

[1] All further statutory references are to the Penal Code.

2

"[There was] no bad faith on the part of the sheriff's department, and there is no evidence that this was destroyed in some fashion to prevent the defendant from having exonerating evidence or any evidence at all, quite honestly."

Following deliberations by the jury, a mistrial was declared on March 23, 2023, when the jury was unable to reach a verdict.

Just prior to the second trial, defendant renewed his motion to dismiss. Without objection, the trial court acknowledged the evidence and the arguments made the first time the motion was presented, and again denied the motion. At the end of the second jury trial, the jury found defendant guilty of the allegations contained in count 2 on May 22, 2023.

On June 21, 2023, the trial court imposed two years formal probation on defendant, with the requirement he serve one year in custody. Defendant was also instructed not to have any contact with minors on social media,[2] to complete a sex offender management program, and to register as a tier three sex offender. At this time, customary fines and fees were also imposed on defendant. Defendant's notice of appeal was filed on this same day.

## FACTUAL SUMMARY

Sergeant James Newell, of the Kern County Sheriff's Office, created a profile for a dating application as part of an online undercover operation. The profile, which Newell posted on February 20, 2021, was of a fictitious 18-year-old woman named Ella. The photo included in the profile was of an adult female employee of the Kern County Sheriff's Office.

On the same day the fictitious profile was posted, defendant contacted Newell wanting to "chat" with "Ella." While their chat continued for approximately 15 minutes on the application, their discussion eventually moved to text messaging. At various

---

[2] Defendant's children were specifically excluded from this requirement.

3

points Newell took screen shots of their communication, both while on the application and during the text messaging. These screen shots were entered as evidence as part of the prosecution's case.

At some point during their communication, Newell asked defendant how old he was. Defendant responded that he was 28, although it was later established his real age was 34. Defendant then asked "Ella" how old she was. Newell responded that "she" would be 17 years old "next month." Defendant asked if "Ella" liked older guys and Newell responded, "I kind of did." Following this exchange, the conversation alternated between discussions about getting together for food, maybe seeing a movie, and "Ella" revealing she did not want to "get pregnant." The latter comment appeared to be sparked by comments made by defendant. After making more suggestive comments, defendant responded to the statement about getting pregnant by saying he knew how to prevent that.

Eventually, they reached an agreement to meet at "Ella's" school. Defendant told "Ella" he would be driving a red car. He texted her when he arrived. When defendant was behind the school, he was arrested by two patrol officers who were sent to the scene. When Newell arrived at the scene of the arrest, he sent two short text messages to defendant, which appeared on the cell phone found in the red car. Newell also testified about various items he found in the car, including a condom.

### Defense

Defendant was the only witness for the defense. Defendant stated he viewed the dating application he used as just another social dating application. Defendant explained that nothing on the profile showed he was contacting a minor, and that he would have waited until the person he thought he was contacting turned 18 to have sex. Defendant believed he was just engaging in some flirting when conversing with "Ella." Later in his testimony, defendant admitted he had communicated with others on that particular application before, but not minors. When asked about the condom, defendant stated it

4

was probably in his car for several months and that it was not brought specifically for his meeting with "Ella." Defendant noted he worked for a health agency and that he would deliver various items, including condoms, to clients of that agency.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

Although not raised by appellate counsel or defendant in a separate letter brief following our invitation, we address the trial court's rulings on the two motions to dismiss the case due to the sheriff's failure to preserve a copy of the profile page that appeared in the dating application used here. This is typically referred to as a motion brought pursuant to *California v. Trombetta* (1984) 467 U.S. 479. We do not believe the evidence presented at the hearing on this motion showed bad faith on the part of the sheriff's department, or that the evidence had apparent exculpatory value as that standard is defined in the *Trombetta* case. (See *id*. at p. 489.) Our review of the record presented on this motion instead leads us to conclude substantial evidence supports the trial court's denial of both motions to dismiss. (Accord, *People v. Duff* (2014) 58 Cal.4th 527, 549; *People v. Montes* (2014) 58 Cal.4th 809, 837; see *People v. Roybal* (1998) 19 Cal.4th 481, 510.)

## DISPOSITION

The judgment is affirmed.